# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:20-CR-814 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **ARSENIO SMITH,** | |
| **Defendant** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Defendant's Motion To Vacate Order To Compel Discovery From Defendant filed on February 7, 2022 ("Defendant's Motion"). (Doc. No 50.) On February 14, 2022, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 51.) Defendant did not file a Reply to the Government's Response. For the reasons stated herein, Defendant's Motion is DENIED.

In the Defendant's Motion, Defendant asks this Court to vacate its non-document order dated February 7, 2022, granting the United States' Motion to Compel Production of Discovery. In that Order, the Court ordered Defendant "to provide any and all video(s) and/or still image(s) pertinent to this case, any and all source or attribution information of these items; and if necessary, provide an account for the absence of an original and/or complete video. Defense counsel represents that he has provided photograph stills "which were in counsel's possession." (Doc. No. 50, PageID # 214.) Defense counsel further represents that he does not have in his possession any videotape recordings as represented by the Government, and even if, in fact, any such videos exist, the Government is not entitled to any and all videos.

In the Government's Response, the Government acknowledges that Defense counsel forwarded to it two emails sent to him by Defendant, that contained a total of five unique still images from a video surveillance camera.  However, the Government asserts that:  nothing in this Court's February 7, 2022 Order falls outside the purview of Rule 16(b)(1); to the extent that in Defendant's Motion, Defense counsel argues that he has turned over everything that he has to the Government, this does not suffice, since it is incumbent upon Defendant to provide items that are in his possession; if Defense counsel is arguing that Defendant does not have information regarding the source of the images, then the Defendant has complied with the Court's Order and there is no need to vacate it; but, if Defendant still retains additional images from the surveillance video or possesses the video itself or portions thereof, then Defendant must comply with the Order.

The Government's Response is well-taken.  Defendant fails to provide a sufficient basis for the Court to vacate its February 7, Order.  If Defendant possesses additional images from the surveillance video or possesses the video itself or portions there, pursuant to the Court's February 7, 2022 Order, these items must be provided to the Government.

**IT IS SO ORDERED.**

                                               *s/Pamela A. Barker*
                                               PAMELA A. BARKER
Date:  March 2, 2022                  U. S. DISTRICT JUDGE